## Mary L. Conner *vs.* John C. Palmer.

A constable has no authority, by Rev. Sts. *c.* 15, to serve a writ of replevin, except in a case where the sheriff or his deputy is a party to a suit in which the value of the property to be replevied does not exceed the sum of seventy dollars.

THIS was an action of replevin, in which the plaintiff's damages were alleged, in the writ, to be seventy dollars. The articles replevied were appraised at $26·92, by persons appointed and sworn pursuant to the Rev. Sts. *c.* 113, § 29. The writ was served by a constable; and on the return thereof into the court of common pleas, held by *Washburn*, J. at September term 1846, the defendant moved the court that the action might be dismissed, because (among other reasons) the writ was served by a constable; neither the sheriff, nor either of his deputies, being a party to the suit. The court dismissed the action, and the plaintiff filed exceptions.

*B. F. Butler*, for the plaintiff. By the Rev. Sts. *c.* 15, § 71, "any constable may serve, within his own town, any writ or other process, in any personal action, in which the damages shall not be laid at a greater sum than seventy dollars." By

§ 73, constables may also serve writs of replevin, in cases where the value of the property to be replevied shall not exceed seventy dollars.   In the present case, neither the damages alleged, nor the value of the property replevied, exceeded seventy dollars.

*J. G. Abbott*, for the defendant.   By Rev. Sts. *c.* 15, § 71, constables can serve writs only where damages alone are sought.   This is shown by § 73, which provides that they "may *also* serve writs of replevin," where the goods are not of more than seventy dollars' value, if the sheriff or his deputy shall be a party.   The *St.* of 1789, *c.* 26, §§ 1, 4, gives the form of a writ for replevying cattle, and also for replevying goods.   In the latter, the direction is to the sheriff or his deputy only ; though, in the former, the direction is to constables as well as to the sheriff and his deputy.   See *Jordan* v. *Dennis*, 7 Met. 590.

SHAW, C. J.   This is an action of replevin for goods, in which the writ was originally returnable before the court of common pleas ; and the question is, whether it was rightly served and returned by a constable.

This question depends upon the construction of the statute By Rev. Sts. *c.* 15, § 71, constables are authorized to serve writs and executions in any personal action, in which the damage is not laid higher than seventy dollars.   This would seem to be sufficient to give the authority, if it stood alone. But it must be taken in connexion with the context and the subject matter.   By the same chapter, enumerating in several sections the powers and duties of constables, it is provided by § 73, that "constables may also serve writs of replevin, in cases where the sheriff or his deputy shall be a party, and in which the value of the property to be replevied shall not exceed the sum of seventy dollars."   This carries a strong implication, that in other cases the constable has not the authority.   The jurisdiction of the sheriff is general, and limited only by specific exceptions.   But the authority to the constable is given only in specific cases, which must appear on the face of the writ.   This necessary implication qualifies

the generality of § 71, so that it does not apply to actions of replevin, unless in cases where the value of the property does not exceed seventy dollars, *and* where the sheriff or his deputy is a party.

This conclusion, we think, is confirmed by a reference to the subject matter. In most personal actions, the matter ultimately claimed in the suit is a sum of money expressed in the *ad damnum.* The obvious purpose of the statute being to give constables a limited authority only to serve writs in civil cases, this may be well measured in most personal actions by the *ad damnum.* But it is otherwise in replevin, where specific property, often of great value, may be the subject of judicial controversy, whilst the damages are merely incidental, and may be comparatively small. On these grounds, the court are of opinion, that the writ was not legally served by a constable, and that the action was rightly dismissed by the court of common pleas.        *Exceptions overruled*